IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH DOUGLAS CLARK III,** | : | CIVIL ACTION NO. 3:24-CV-2184 |
| Petitioner | : | (Judge Neary) |
| v. | : | |
| **WARDEN OF SCI-GREENE,**[1] | : | |
| Respondent | : | |

# MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2254. Petitioner, Kenneth Douglas Clark III, challenges a 2021 criminal conviction for aggravated assault and possessing an instrument of crime imposed by the Lancaster County Court of Common Pleas. The petition will be dismissed without prejudice for failure to exhaust state court remedies.

---

[1] The undersigned notes that prior to her appointment to this court, she was employed by the Attorney General's office and in that position, she frequently represented employees of the Pennsylvania Department of Corrections and its subordinate state correctional institutions. Canon 3(C) of the Code of Conduct for United States Judges requires a judge to "disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." A federal statute similarly requires a judge to "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Here, the court has reviewed this matter and concludes that disqualification is not necessary. Although the undersigned has represented DOC employees in past lawsuits and may have represented the respondent, the undersigned does not have a personal relationship with the respondent. The undersigned also does not have any personal knowledge of the petitioner or the facts of this case.

I.      **Factual Background & Procedural History**

The Superior Court of Pennsylvania has succinctly summarized much of the relevant procedural history. Clark was charged with aggravated assault and possessing an instrument of crime based on an incident that occurred in 2020. Commonwealth v. Clark, 276 A.3d 266, No. 1071 MDA 2021, 2022 WL 970306, at *1 (Pa. Super. Ct. Mar. 31, 2022). The case proceeded to a jury trial, during which Clark was removed from the courtroom and not allowed to participate in the trial based on a series of disruptive behaviors, including yelling profanities and racial slurs at the judge while in the presence of the jury. Id.

At the conclusion of trial, Clark was found guilty of aggravated assault and possessing an instrument of crime and was sentenced to 12 ½ to 25 years of imprisonment. See id. After requesting, and being granted, leave to proceed *pro se* on appeal, he filed an appeal to the Pennsylvania Superior Court. Id. The Superior Court deemed Clark's arguments waived for his failure to file a statement as required by Pennsylvania Rule of Appellate Procedure 1925(b). Id. at *1-2. Clark filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on October 18, 2022. Commonwealth v. Clark, 286 A.3d 708 (2022). He then filed a petition for writ of certiorari to the United States Supreme Court, which was denied on May 22, 2023. Clark v. Pennsylvania, 143 S. Ct. 2503 (2023).

On March 7, 2023, Clark filed a petition for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), arguing that his trial counsel provided ineffective assistance of counsel by, *inter alia*, failing to protect his right to testify on his own behalf and otherwise participate in the trial. (Doc. 1 at 3; Doc. 4-1

2

at 8). On October 21, 2024, the Court of Common Pleas issued a notice of its intent to dismiss the PCRA petition without a hearing based on its conclusion that Clark's claims are meritless. (Doc. 4-1 at 8-18). The docket of Clark's criminal case and related PCRA petition[2] indicates that as of the present date, the PCRA petition remains pending in the Court of Common Pleas and has not been dismissed or otherwise resolved. See Commonwealth v. Clark, No. CP-36-CR-0004921-2020 (Lancaster Cnty. Ct. of Com. Pl. filed Nov. 17, 2020).

Clark filed the instant case on December 10, 2024, and the court received and docketed his petition on December 18, 2024. (Doc. 1). Clark asserts that the Court of Common Pleas violated his right to a fair trial by removing him from the courtroom and not allowing him to participate in his criminal trial. (Id.)

On January 27, 2025, the court issued an order requiring Clark to show cause why his petition should not be dismissed for failure to exhaust state court remedies. (Doc. 3). In response, Clark filed a "motion to show cause," in which he argues that the state court record shows that he has exhausted state court remedies. (Doc. 4). He attaches to his motion the Superior Court's opinion on direct appeal, the Court of Common Pleas' notice of intent to dismiss his PCRA petition, and a copy of his criminal docket sheet. (Doc. 4-1).

---

[2] The court takes judicial notice of the current docket. See, e.g., Orabi v. Att'y Gen. of U.S., 738 F.3d 535, 537 n.1 (3d Cir. 2014) (noting that court can take judicial notice of another court's docket).

**II.     Legal Standard**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4.

**III.    Discussion**

Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 842. In Pennsylvania, a petitioner may properly exhaust state court remedies by presenting a claim to the Pennsylvania Superior Court and is not required to appeal to the Pennsylvania Supreme Court. Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004). Petitioners seeking habeas corpus relief in federal court have the burden to establish exhaustion of state court remedies. DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005).

Dismissal of this case under Rule 4 is appropriate for failure to exhaust state court remedies. Clark's arguments on direct appeal were deemed waived for his failure to file a statement under Pennsylvania Rule of Appellate Procedure 1925(b), and his PCRA petition remains pending before the Court of Common Pleas. See Clark, 2022 WL 970306, at *1-2; Clark, No. CP-36-CR-0004921-2020. Thus, because Clark's claim has not been decided on its merits by the Superior Court, he has failed

4

to invoke a "complete round of the State's established appellate review process" and has failed to exhaust state court remedies.

Turning to the related question of whether the unexhausted claim is procedurally defaulted, habeas corpus claims are procedurally defaulted when either (a) the claims have not been exhausted and no additional state remedies are available under state procedural rules or (b) the claims were presented in state court but were not addressed on their merits because an independent and adequate state procedural rule barred review on the merits. Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012). State procedural rules are independent if they are "not interwoven with federal law or dependent upon a federal constitutional ruling" and adequate if they were "'firmly established and regularly followed' at the time of the alleged procedural default." Bey v. Superintendent Greene SCI, 856 F.3d 230, 236 n.18 (3d Cir. 2017) (quoting Ford v. Georgia, 498 U.S. 411, 424 (1991)).

Courts may not consider procedurally defaulted claims unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioners may establish a fundamental miscarriage of justice if they can make a credible showing of actual innocence. Reeves v. Fayette SCI, 897 F.3d 154, 160 (3d Cir. 2018). Courts that are uncertain whether claims are procedurally defaulted should dismiss the claims without prejudice for failure to exhaust rather than reaching the issue of procedural default. Lines v. Larkins, 208 F.3d 153, 163 (3d Cir. 2000).

Based on a review of Clark's state court cases, it is not clear that the state courts of Pennsylvania would deem his claim procedurally defaulted. Clark has advanced an ineffective assistance of counsel claim in his currently pending PCRA petition arguing that counsel was ineffective for failing to protect his right to participate in his criminal trial. This claim may put the state courts on notice that Clark is advancing a related due process claim asserting that his inability to participate in his criminal trial violated his right to a fair trial. Moreover, even if the state courts do not construe his ineffective assistance of counsel claim as putting them on notice of the related due process claim that he seeks to advance in this case, it is not clear from the current state court record that Clark would be barred from advancing his due process claim in an amended PCRA petition in the Court of Common Pleas. Although the state courts of Pennsylvania may conclude that Clark waived consideration of his due process claim during PCRA proceedings by failing to file a statement under Rule 1925(b) on direct appeal, this is a conclusion that should be made in the first instance by the courts of Pennsylvania and not by this court. Accordingly, because the court cannot conclusively discern that Clark's claim is procedurally defaulted, the court will dismiss the claim without prejudice for failure to exhaust state court remedies.

**IV.     Conclusion**

The petition for writ of habeas corpus is dismissed without prejudice for failure to exhaust state court remedies. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    April 23, 2025